## KEELER VS. WOODWARD.

ACTION — JUDICIAL OFFICER. — A judicial officer acting within the scope of his jurisdiction cannot be held liable in damages for an erroneous act or decision. So *held* in an action against a justice for refusing to set off one judgment against another rendered before him (see R. S. 1849, ch. 88, secs. 59, 60), and for issuing execution on the latter judgment on which the plaintiff's property was seized and sold.

(4 Chand., 34.)

ERROR to the County Court for *Walworth* County.

*Keeler* brought an action on the case against *Woodward*, a justice of the peace, alleging in substance that the defendant as such justice rendered a judgment against the plaintiff and in favor of one Wilkins ; that on the same day the plaintiff proposed to Wilkins to set off against such judgment one which he had obtained against said Wilkins before another justice, and tendered a transcript thereof; that by the consent and agreement of Wilkins and the plaintiff a time was fixed for the defendant as such justice to hear and determine said application to set off said judgments ; that afterwards, and before the time so appointed, the defendant as such justice proceeded to hear and determine the matter of said setoff in the absence of the parties, and denied it, and issued execution on the judgment rendered before him against said plaintiff, and delivered the same to an officer who, by virtue of the same, took and carried away certain of his personal property and sold the same to satisfy such execution, to his damage, etc.   The defendant pleaded the general issue, and on the trial in justice's court the plaintiff had judgment, from which the defendant appealed to the county court, and on the trial in that court the defendant had a verdict and judgment, and the plaintiff sued out this writ of error.

*Winsor & Smith*, for plaintiff in error.

*Menzie & Noggle*, for defendant in error.

KNOWLTON, J.   One point will dispose of this case.   The plaintiff seeks to recover damages from the defendant, for not acting according to law, as he alleges, in issuing an execution upon a judgment before the proper time.   The declaration does not set forth a cause of action that can be maintained, and the defect is fatal at any time and in any court to which the case may be removed.

It is a principle of law, too well settled to need authorities to support it, that no judicial officer, acting within the scope of

his jurisdiction, can be made liable in an action against him for an erroneous decision. Whatever error he may commit while so acting, he cannot be held personally liable for damages sustained in consequence of his error. This declaration seeks for nothing more. No elaborate opinion is necessary upon this point, for the law is too well settled to need comment.

We are clearly of opinion that the judgment of the county court of Walworth county should be affirmed with costs.

Judgment affirmed.